UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2017 APR -3 PM 12:09

TAMPA DIVISION

Case No: 8:17-cv-787-T-33 AAS

I.C., a minor, by and through his parent,
and natural guardian, SUZANNE RIHA,

Plaintiffs,

v.

POLK COUNTY SCHOOL DISTRICT,
A Florida Governmental Entity; the
SCHOOL BOARD OF POLK COUNTY, a Florida
Governmental Entity; OUR CHILDREN' S ACADEMY,
a Florida Charter School,

Defendants.

_________________________________/

## COMPLAINT

**COMES NOW**, Plaintiff, I. C., a minor child with special needs, by and through his parent and natural guardian, SUZANNE RIHA (hereinafter "RIHA"), by and through the undersigned counsel, files this Complaint against Defendants, POLK COUNTY SCHOOL DISTRICT, (hereinafter the "DISTRICT"); SCHOOL BOARD OF POLK COUNTY, (hereinafter the "BOARD"); and OUR CHILDREN'S ACADEMY, (hereinafter the "ACADEMY"); and in support thereof states as such:

## INTRODUCTION

1. This is a civil action pursuant to 42 U.S.C. §1983 & 1988 seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of



TPA042733

depriving Plaintiff, I. C., of rights secured under the Constitution, laws of the United States, laws of the State of Florida and for refusing and/or neglecting to prevent such deprivations and denials to Plaintiff.

2. Additionally, Plaintiffs plead causes of action sounding in negligent supervision, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress and false imprisonment exceeding $15,000.00 in damages exclusive of attorney's fees, costs and interest.

**THE PARTIES**

3. Plaintiff I. C. is a minor child and special needs student attending the Polk County Charter School, Our Children's Academy.

4. SUZANNE RIHA is I. C.'s mother and natural guardian and bringing this action on I. C.'s behalf.

5. Plaintiff, SUZANNE RIHA, individually, is a resident of Polk County, Florida suing in her individual capacity as well as on behalf of her minor son, I. C.

6. At all times material to this action, I.C. was diagnosed as being on the autism spectrum and having associated behavioral and emotional disabilities which are greatly affected by environmental changes as with any autistic child.

7. Defendant, POLK COUNTY SCHOOL DISTRICT is a Florida Governmental Entity that is located at 1950 South Floral Ave., Bartow, Polk County, Florida 33830.

8. Defendant, SCHOOL BOARD OF POLK COUNTY a Florida Governmental Entity is located at 1950 South Floral Ave., Bartow, Polk County, Florida 33830.

9. Defendant, OUR CHILDREN'S ACADEMY is a Florida Charter School and Component Unit of the District School Board of Polk County with a principal place of business

located at 555 Burns Ave., Lake Wales, 33853, Polk County, Florida.

## VENUE AND JURISDICTION

10. Venue is proper in the Middle District of Florida, Orlando Division pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district and all Defendants regularly and presently conduct affairs in this judicial district.

11. Jurisdiction is proper in this matter pursuant to 28 U.S.C. 1331 and 1343.

## GENERAL ALLEGATIONS

12. At all times material to this action, Defendant, BOARD set, determined, managed and/or enforced the policy and customs of the Polk County School Bus Transportation services.

13. At all times material to this action, Defendant, DISTRICT, set, determined, managed and/or enforced the policy and customs of the Polk County School Bus Transportation services.

14. At all times material to this action, Defendant, BOARD, set, determined, managed and enforced the policy and/or customs regulating charter schools in Polk County, including a Charter School known as OUR CHILDREN'S ACADEMY.

15. At all times material to this action, Defendant, DISTRICT set, determined, managed and/or enforced the policies and customs regulating charter schools in Polk County, including a Charter School known as OUR CHILDREN'S ACADEMY.

16. All conditions precedent to the bringing of this action against all Defendants have been performed or waived. Specifically, Plaintiff has complied with the provisions of Section 768.28 Florida Statutes by serving all Defendants by Certified Mail, the attached statutory presuit notice. **(see attached Exhibit "A")**

17. The undersigned attorney's hereby certify that a reasonable investigation has been

conducted and they have a good-faith belief that grounds exist for this action against all Defendants.

18. At all times material to this cause, Plaintiff I. C. was a resident of Polk County, Florida and attended OUR CHILDREN'S ACADEMY, a Charter School via transportation provided, operated and maintained by Defendants, BOARD and DISTRICT.

19. At all times material to this cause, Plaintiff SUZANNE RIHA was and remains the parent and natural guardian of Plaintiff, I. C. and was and remains a resident of Polk County, Florida.

20. At all times material to this cause, "Bus Driver" and "Bus Attendant" were employees and/or agents of DISTRICT and BOARD.

21. The conduct by "Bus Driver" and "Bus Attendant" in this case that caused damage to the Plaintiff was the product of the policies and customs of the DISTRICT and BOARD.

22. At all times material to this cause, ACADEMY set, determined, managed, and enforced the policy and customs at ACADEMY regarding providing children safe travel from school buses to classrooms and with regard to reporting missing children.

23. The conduct of all Defendants complained of herein occurred in Polk County, Florida on both occasions and during school hours while I. C. was in Defendants' care and custody.

24. The bus that regularly transported Plaintiff, I. C. had a Bus Attendant in addition to the Bus Driver as this particular bus transports only special needs children on a daily basis to and from school, as well as a video surveillance system.

25. The BOARD and DISTRICT adopted a policy of having an Electronic Child Monitoring System installed on the school bus that transported I. C. at all times material hereto that could easily be deactivated by a child passenger, Bus Driver, or Bus Attendant, although

intended to alert one to a child remaining on the bus.

26. It was the persistent and widespread custom for bus drivers and bus attendants to deactivate the Electronic Child Monitoring Systems on school buses used to transport students in Polk County.

27. The Electronic Child Monitoring System on the bus that transported I. C. on March 2, 2016 and March 9, 2016 was deactivated by either the Bus Driver or the Bus Attendant or by a child passenger at the direction of the Bus Driver and/or Bus Attendant.

28. On the morning of March 2, 2016 RIHA placed her special needs son I. C. onto the school bus near their home in Davenport, Florida, to be transported to ACADEMY, in Lake Wales, Florida, approximately thirty (30) miles away.

29. During the bus ride to school on the morning of March 2, 2016, Plaintiff I. C. fell asleep on the bus.

30. After arriving at ACADEMY, with the Electronic Child Monitoring System deactivated, the Bus Driver and Bus Attendant failed to manually check the bus and each seat to ensure all of the special needs students had disembarked the bus.

31. The Bus Driver then proceeded to drive the bus, with the Bus Attendant onboard and Plaintiff I. C. still sleeping in his seat on the bus, to another location where the bus is regularly stored during the day.

32. Once at the location, both Bus Driver and Bus Attendant locked and left the bus without checking to see if any children were on board.

33. The video recording from March 2, 2016 on the bus clearly shows the Bus Attendant walking right past I. C.'s seat and the Bus Attendant simply failing to turn her head to look into the seats and manually check for children remaining onboard.

34. The bus video also shows that the Bus Driver did not walk the bus aisle herself to manually check to ensure all of the children had in fact disembarked the bus before leaving the bus locked and in storage for the day.

35. Neither the Bus Attendant nor the Bus Driver ever reactivated the Electronic Child Monitoring System prior to leaving I. C.'s school and locking the bus for the day at the storage location.

36. ACADEMY failed to report to I. C.'s mother that I. C, a special needs student, was missing from school on March 2, 2016.

37. The bus video recording from March 2, 2016 shows I. C. awakening disoriented and afraid, locked in a strange place, unsure of what to do or where he is. The video then shows I. C. climbing out of the emergency window of the bus and plummeting to the ground.

38. I. C., a special needs student lost and alone, then walked and hitchhiked in and out of strangers cars, the approximate 30 mile trek back to his home.

39. The next day, I. C. (as is evident on the bus video) communicated to the Bus Driver the incident that had occurred the day before.

40. The BOARD and DISTRICT failed to have in place policies and procedures for the reporting of such incidents by its staff or allowed a custom of ignoring said policies or procedures.

41. Less than one (1) week later on or about March 9, 2016, the same incident, on the same bus with the same Bus Driver and Bus Attendant happened again to I. C.

42. I. C. again fell asleep in his seat on the school bus on the way to ACADEMY.

43. The same Bus Driver and Bus Attendant again failed to properly check the bus for

students remaining in their seats which again was directly caused by the DISTRICT's and BOARD's failure to adequately train and due to the persistent and widespread customs and practices by Bus Drivers and Bus Attendants of deactivating the Electronic Child Monitoring System.

44. The same Bus Driver and Bus Attendant again disabled or instructed a child to disable the Electronic Child Monitoring System and failed to ensure it was working properly after being notified of the previous incident.

45. The same Bus Driver and Bus Attendant again drove the bus to the storage location and again left I. C. sleeping in the locked bus.

46. I. C. again woke up at the storage location and again accepted rides from strangers on the side of the road to get back to his home because Bus Driver and Bus Attendant failed to properly inspect the bus for children that may have remained onboard.

47. ACADEMY again, failed to recognize that I. C. did not disembark the bus and failed to notify I. C.'s mother of I. C.'s absence from school the second time.

48. RIHA only became aware of the incidents at issue after I. C. missed his therapy appointment with an outside contracted therapist at school the day of the second incident leading that the therapist to contact I. C.'s mother inquiring as to the well-being of I. C.

49. It was upon notification by the therapist that RIHA was first notified that her son, I. C. was not at school and ACADEMY had no idea where he or when he had gone missing.

50. The DISTRICT and/or BOARD failed to train employees adequately so that they were not deliberating indifferent to the rights of I. C., the special needs child, aboard the buses they operated and specifically to the right to safe travel and to timely access to education and educational and therapeutic opportunities via transportation provided at an

acceptance level of accessibility, service, quality and safety.

51. ACADEMY failed to have in place policies, procedures and/or plans for communication among its staff for reporting missing children and for notifying parents of students that are missing or allowed a custom of failing to report absences in spite of policies to the contrary.

52. ACADEMY failed to train employees adequately so they would not be deliberately indifferent to the rights of special needs children to timely and safe access to education and educational opportunities.

53. I. C. has since incurred emotional and physical damage in addition to his already fragile state as a result of all of the Defendants' actions and inactions, including but not limited to their failure to adequately train their employees, and their permitting of persistent and widespread customs that deprived I.C. of his federally protected right to adequately safe travel and to timely access education and educational and therapeutic opportunities via transportation provided at an acceptable level of accessibility, service, quality, and safety.

54. All Defendants have contributed to the deprivation of I. C.'s right to be safely transported to and from school as well as attend school and his therapy sessions at ACADEMY.

**COUNT I - NEGLIGENCE BY DEFENDANTS DISTRICT AND BOARD**

55. Plaintiffs adopt and incorporate paragraphs 1- 58 as though fully restated and alleged herein.

56. Defendants, DISTRICT and BOARD had, or should have had, actual knowledge of problems with Bus Driver and Bus Attendant as to their unfitness to perform their duties when Bus Driver and Bus Attendant disabled the Electronic Child Monitoring System, failed to ensure it was functioning properly, and failed to manually check the bus for

children as this conduct was a persistent and widespread practice by school bus drivers and bus attendants in Polk County.

57. DISTRICT and BOARD have a duty to protect I. C. a special needs student attending school under the care, responsibility and compulsion of DISTRICT and BOARD a duty to protect him from being transported away from his school, locked in their school buses, and left alone to walk and hitch hike home on multiple occasions, as well as from any other injury or damage whilst acting in *loco parentis.*

58. Additionally, DISTRICT and BOARD have a duty to provide safe transportation via school bus to students.

59. The buses operated by DISTRICT and BOARD are equipped with video surveillance cameras and an Electronic Child Monitoring System to alert the Bus Driver and Bus Attendant when students are left on the bus or leave their seats.

60. The system on the bus I. C. was riding was disabled or otherwise not functioning properly.

61. All incidents hereto were recorded on the video surveillance system on the bus.

62. DISTRICT and BOARD were at all times material hereto responsible for and had unfettered access to the Electronic Child Monitoring System and video surveillance cameras on the bus.

63. DISTRICT and BOARD breach their duty of care to I. C. by (1) failing to properly train the Bus Attendant and Bus Driver; (2) permitting a persistent and widespread custom of disabling the electronic "child monitoring system" and not manually checking the buses for children; (3) approving and installing an Electronic Child Monitoring System that can be easily disabled by a child passenger or by a Bus Driver or attendant with no safety

backup; (4) approving and installing an Electronic Child Monitoring System that fails to automatically alert or report when the system has been disabled or have other back up protection in place; (5) DISTRICT and BOARD breached their duty of care to I. C. by failing to ensure the child monitoring device was in good working order; (6) by failing to inspect their video surveillance on the bus; and (7) by failing to properly train Bus Driver and Bus Attendant to report such incidents.

64. DISTRICT's and BOARD'S breach of duty owed to I. C. was the proximate cause of I. C. injuries and damages.

65. I. C. suffered emotional damages and physical injuries resulting in I. C. needing therapy and medication as a result of DISTRICT's and BOARD'S breach of their duty to I.C.

66. Plaintiff, I. C. has incurred attorney's fees and costs as a result of Defendants, DISTRICT's and BOARD'S actions and as such, DISTRICT and BOARD should be ordered to pay Plaintiff's attorney's fees and costs.

67. The actions of all governmental entity Defendants as alleged herein are "operational" level decision making activities. As such, none of the governmental entity Defendants are immune from tort liability stemming from these two incidents and in accordance with Article X, Section 13 of the Florida Constitution, all governmental entity Defendants have waived sovereign immunity from liability in these torts.

**WHEREFORE**, Plaintiff, I. C., by and through his Mother, RIHA, requests that this honorable Court find Defendants, DISTRICT and BOARD liable for negligence of their employees and agents, Bus Driver and Bus Attendant; and award Plaintiff monetary damages in excess of $75,000.00; and order all Defendants to pay for Plaintiffs' attorney's fees and costs; and for any other and such relief as this Court deems just, proper or equitable.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO I. C. CAUSED BY ALL DEFENDANTS

68. Plaintiffs adopt and incorporate paragraphs 1- 69 as though fully restated and alleged herein

69. DISTRICT, and BOARD'S failure to properly ensure the safety, safe travel, and safe delivery of special needs student attending school in the Polk County School District was intentional and reckless in light of the fact that the Bus Driver was notified that she locked a student in the bus just days earlier, yet did it again a second time.

70. Bus Driver's complete failure to check the school bus by simply walking to the back of the bus and turning her head to view into each seat prior to leaving it at the storage area for the day, after being notified by I. C. that she left him locked in the school bus just days earlier, was reckless and intentional.

71. The Bus Attendant actually did walk the length of the bus before exiting and failed to simply turn her head to check the seats for children.

72. The conduct of the Bus Driver and Bus Attendant is particularly reckless considering they had disabled the electronic "child monitoring system" and still failed to manually check the bus for special needs children still remaining.

73. The conduct of DISTRICT and BOARD via their agents, Bus Driver and Bus Attendant, caused severe emotional distress to an already emotionally fragile child suffering from emotional disabilities.

74. As a result of the Defendants' conduct via their agents, Plaintiff, I. C. suffered severe emotional distress and physical injury resulting in the necessity of therapy and medication.

75. Plaintiff ACADEMY'S failure to have or follow a system, policy or procedure to account

for missing students and notifying their parents of that absence was intentional and reckless.

76. ACADEMY'S failure to account for I. C. or to even notice he was absent from their school for a second time in a week in addition to ACADEMY'S failure to notify RIHA, resulted in additional injury and damages to I. C. that could have been prevented after he was locked in a school bus and forced to walk home and hitch rides with strangers the first time.

77. ACADEMY'S failure to even be aware that I. C. was absent from their school compounded by ACADEMY'S failure to notify his mother RIHA of his absence twice within a week, caused severe emotional distress and physical harm to I. C. resulting in additional therapy and anxiety to an already fragile child with special needs that could have been prevented by ACADEMY.

78. Plaintiff, I. C. has incurred attorney's fees and costs as a result of Defendants, DISTRICT, BOARD and ACADEMY'S actions and as such, DISTRICT, BOARD and ACADEMY should be ordered to pay Plaintiff's attorney's fees and costs.

79. The actions of all governmental entity Defendants as alleged herein are "operational" level decision making activities. As such, none of the governmental entity Defendants are immune from tort liability stemming from these two incidents and in accordance with Article X, Section 13 of the Florida Constitution, all governmental entity Defendants have waived sovereign immunity from liability in these torts.

**WHEREFORE**, Plaintiff, I. C., by and through his Mother, RIHA, requests that this honorable Court find Defendants, DISTRICT, BOARD and ACADEMY liable for intentional infliction of emotional distress caused by Defendants and their employees and

agents, Bus Driver and Bus Attendant; and award Plaintiffs monetary damages in excess of $75,000.00; and order all Defendants to pay for Plaintiffs' attorney's fees and costs; and for any other and such relief as this Court deems just, proper or equitable.

**COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO I. C. CAUSED BY ALL DEFENDANTS**

80. Plaintiffs adopt and incorporate paragraphs 1- 80 as though fully restated and alleged herein.

81. DISTRICT, and BOARD'S failure to properly ensure the safety, safe travel, and delivery of a special needs student attending a school in the Polk County School District was negligent in that the DISTRICT and BOARD owed a duty of reasonable care to I. C. while he was in their care and custody and they breached that duty by 1) having an unsafe Electronic Child Monitoring System in place; 2) by retaining employees who do not property check that children do not remain on the bus; 3) by failing to adequately train employees; 4) by failing to have in place or to enforce policies and procedures to ensure that safe arrival to school of its special needs students; and 5) by failing to have in place or to enforce policies and procedures for reporting missing children to administration and parents.

82. The negligent conduct of DISTRICT and BOARD caused severe emotional distress to an already emotionally fragile child suffering from emotional disabilities.

83. Due to Defendants' actions, Plaintiff, I. C. suffered physical impact and injury upon plummeting to the ground in an attempt to escape a school bus through the emergency window caused by the fright and confusion of waking up in a locked school bus in a strange place alone.

84. Defendants' actions caused such psychological trauma and emotional distress in the special needs student I. C. that upon waking up alone, confused and frightened in a locked school bus, I. C. was forced to escape through the school bus emergency window and having to make his way home by accepting rides from strangers on the side of the road, twice.

85. The actions of all governmental entity Defendants as alleged herein are "operational" level decision making activities. As such, none of the governmental entity Defendants are immune from tort liability stemming from these two incidents and in accordance with Article X, Section 13 of the Florida Constitution, all governmental entity Defendants have waived sovereign immunity from liability in these torts.

86. Plaintiff, I. C. has incurred attorney's fees and costs as a result of Defendants, ACADEMY, DISTRICT and BOARD'S actions and as such, ACADEMY, DISTRICT and BOARD should be ordered to pay Plaintiff's attorney's fees and costs.

**WHEREFORE**, Plaintiff, I. C., by and through his Mother, RIHA, requests that this honorable Court find Defendants, DISTRICT, BOARD and ACADEMY liable for negligent infliction of emotional distress caused by Defendants and their employees and agents, Bus Driver and Bus Attendant; and award Plaintiffs monetary damages in excess of $75,000.00; and order all Defendants to pay Plaintiffs' attorney's fees and costs; and for any other and such relief as this Court deems just, proper or equitable.

**COUNT IV – NEGLIGENCE AS TO DEFENDANT ACADEMY**

87. Plaintiffs adopt and incorporate paragraphs 1- 86 as though fully restated and alleged herein.

88. ACADEMY owed I. C. a duty of reasonable care as an enrolled student attending school of ACADEMY

89. ACADEMY breached its duty of care to I. C. by failing to have in place or failing to enforce a policy or procedure to 1) ensure the safe arrival of children to school from the bus and 2) report missing children to administration, authorities and parents.

90. ACADEMY'S failure to report I. C.'s absence to RIHA the first time directly resulted in a portion of the injuries and damages suffered by I. C. from being lost and hitchhiking home with strangers the first time and all of I. C.'s damages from the second incident.

91. But for ACADEMY'S breach of their duty to I. C. by not ensuring his safe arrival to school from the bus and by not accounting for, or otherwise reporting I. C.'s first absence from school, I. C. would not have suffered most of the damages from the first incident and all of the damages from the second incident.

92. I.C. suffered damages caused by ACADEMY'S breach of duty of care in the form of emotional distress and physical injury.

93. The actions of all governmental entity Defendants as alleged herein are "operational" level decision making activities. As such, none of the governmental entity Defendants are immune from tort liability stemming from these two incidents and in accordance with Article X, Section 13 of the Florida Constitution, all governmental entity Defendants have waived sovereign immunity from liability in these torts.

94. Plaintiff, I.C. has incurred attorney's fees and costs as a result of Defendants, ACADEMY, DISTRICT and BOARD'S actions and as such, ACADEMY, DISTRICT and BOARD should be ordered to pay Plaintiff's attorney's fees and costs.

**WHEREFORE**, Plaintiff, I. C. by and through his mother RIHA, requests that this honorable Court find Defendant, ACADEMY liable for negligence; and award Plaintiffs monetary damages in excess of $75,000.00; and order all Defendants to pay Plaintiffs'

attorney's fees and costs; and for any other and such relief as this Court deems just, proper or equitable.

**COUNT V – FALSE IMPRISONMENT OF I. C. AS TO DEFENDANTS, DISTRICT AND BOARD**

95. Plaintiffs adopt and incorporate paragraphs 1- 92 as though fully restated and alleged herein.

96. Defendants by virtue of their acting agents, Bus Driver and Bus Attendant, intended to and did, confine I. C. to a school bus without his consent on two separate occasions, each incident occurring less than a week apart from each other.

97. Bus Driver and Bus Attendant were aware at all time's material hereto that I. C. had boarded the bus each day they confined him to the bus.

98. Bus Driver and Bus Attendant knew, or should have known, that I. C. did not exit the bus before transporting him to a remote location thirty (30) miles away and locking him inside the bus and leaving him.

99. I. C. was unable to escape without the threat of harm.

**WHEREFORE**, Plaintiff, I. C., by and through his Mother, RIHA, requests that this honorable Court find Defendants, DISTRICT and BOARD liable for false imprisonment; and award Plaintiffs monetary damages in excess of $75,000.00; and order all Defendants to pay for Plaintiffs' attorney's fees and costs; and for any other and such relief as this Court deems just, proper or equitable.

**COUNT VI - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U. S. C. §1983 AS TO I. C.**

100. Plaintiffs adopt and incorporate paragraphs 1- 63 as though fully restated and alleged herein.

101. Each Defendant, DISTRICT, BOARD and ACADEMY, at all times material hereto were government actors, acting under the color of law and with knowledge of their actions taken in violation of Plaintiff I. C.'s constitutional right to due process, right to remain free from confinement under the Fifth and Fourteenth Amendments of the U. S. Constitution and right to adequately safe travel and timely access to education and educational and therapeutic opportunities via transportation provided at an acceptable level of accessibility, service, quality, and safety under the Fourteenth Amendment of the U. S. Constitution.

102. I. C.'s constitutional rights described in Paragraph 99 above were clearly established as a matter of law at the time the restraint and deprivation occurred.

103. As a direct and proximate result of the violation of I. C.'s constitutional rights by the Defendants, Plaintiffs suffered damages as alleged in this Complaint including but not limited to mental and emotional distress, humiliation, and action loss, and are entitled to relief under 42 U.S.C §1983.

104. The conduct of Defendants demonstrated reckless indifference to the constitutional rights of I. C. and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

105. Defendants, DISTRICT and BOARD implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing school Bus Drivers and school Bus Attendants assigned to school buses designated for special needs children to disable the Electronic Child Monitoring System and/or not ensure its proper functionality; to not properly inspect buses before locking and leaving that bus in a storage location; and not properly training Bus Drivers and Bus Attendants on how to

adequately and safely provide for travel of special needs children; and allowing unlawful detentions and confinements.

106. Defendant, ACADEMY, implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of not ensuring their special needs students disembark from the bus or are reporting missing to school administration, parents and/or authorities, and/or did not adhere to or enforce the policy they do have in place if they have one.

107. The failure of BOARD and DISTRICT to adequately train and supervise their school Bus Drivers and school Bus Attendants amounts to deliberate indifference to I. C.'s right under the Fifth and Fourteenth Amendments to the Constitution of the United States.

108. The failure of ACADEMY to have, or if they do have, to properly use and enforce the policy, procedure or practice of ensuring their special needs students disembark from their buses or are reporting missing to school administration, parents, and/or authorities, violated the constitutional rights of I. C. under the Fifth and Fourteenth Amendments to the Constitution of the United States.

109. As a result of this deliberate indifference to I. C.'s rights, I. C. a special needs student, suffered damages as described hereinabove and as such is entitled to relief under 42 U.S.C. §1983.

110. Defendants, BOARD and DISTRICT acted under color of state law by falsely detaining and confining I. C. with no basis in fact or law to do so.

111. As a direct and proximate result of the violation of I. C.'S constitutional right to be free from false detention and confinement by the Defendants, Plaintiff, I. C. suffered serious

personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff, I. C., by and through his Mother, RIHA, requests that this honorable Court find Defendants, DISTRICT, BOARD and ACADEMY, liable for violating I. C.'s constitution rights under the U. S. Constitution as claimed herein; and award Plaintiffs monetary damages in excess of $75,000.00; and order all Defendants to pay for Plaintiffs' attorney's fees and costs; and for any other and such relief as this Court deems just, proper or equitable.

Dated this 30th day of March, 2017.

Respectfully submitted,

By:____________________________

Kimberly E. Hosley, Esq.
Florida Bar No. 015365
12301 Lake Underhill Road, Suite 213
Orlando, FL 32828
Tel. (407) 512-4394
Fax (407) 982-7250
E-Mail:khosley@TheOrlandoLawGroup.com
Sec.E-Mail: rmoyer@TheOrlandoLawGroup

THE ORLANDO LAW GROUP, PL
*A Private Law Firm*

*12301 Lake Underhill Rd, Suite 213*
*Orlando, Florida 32828-*

*Tel: 407.512.4394*
*Fax: 407.982.7250*

Kimberly Hosley Agee, Esquire
KHosley@TheOrlandoLawGroup.com

EXHIBIT A

May 5, 2016

*VIA CERTIFIED MAIL*
Jeff Atwater, CFO
Florida Department of Financial Services
200 East Gaines Street
Tallahassee FL 32399

*VIA CERTIFIED MAIL*
Department of Education
School Transportation Management Section
325 W. Gaines Street, Room 834
Tallahassee, FL 32399-0400

*VIA CERTIFIED MAIL*
School Board of Polk County
Attn: Wesley Bridges, II, Esq.
General Counsel
1950 South Floral Ave.
Bartow, FL 33830

*VIA CERTIFIED MAIL*
School District of Polk County
Attn: Kay Fields, School District Chair
1950 South Floral Ave.
Bartow, FL 33830

*VIA CERTIFIED MAIL*
Our Children's Academy
555 Burns Avenue
Lake Wales, FL 33853

**RE: Pre-suit Notice pursuant to Section 768.28, Florida Statutes**

Dear Sir and/or Madam:

This law firm has the pleasure of representing Suzanne Riha and her special needs son Isaac Collins. This letter shall serve as the presuit notice required by Section 768.28, Florida Statutes to Polk County School District, District 6, School Board of Polk County, the Department of Education School Transportation Management Section, and Our Children's Academy (if entitled to sovereign immunity protection) for the incidents described below.

On March 2, 2016, Ms. Riha placed her son Isaac onto the school bus where she assumed he would be safely transported to school. Because the bus transported special needs children to a special needs school, a bus attendant was also assigned to the bus along with the bus driver. On the drive to school that is approximately thirty miles, the child fell asleep. The bus driver and the bus attendant failed to make sure that each child was off the bus after leaving the special needs school Our Children's Academy. Additionally, they had disabled the child protection system that was on the bus when they were waiting at the school and failed to turn it back on. The bus driver then drove the bus, with the attendant and Isaac onboard, another thirty miles to the location where the bus was stored for the day and left the bus, again, without checking to make sure that none of the special needs children had been left on the bus. The video recording from the bus shows the bus attendant walking right passed the seat Isaac was asleep in and never bothering to turn her head to check any of the seats, which her job required her to do. The video recording also shows that the bus driver did not walk the bus herself to ensure that no special needs children were left behind before she left the bus at the storage

location. Our Children's Academy failed to report to Isaac's mother or anyone else that Isaac, a special needs child, was missing from school.

The child awoke to find himself alone on the bus approximately thirty miles away from his school and his home. The bus video recording shows the child, who was scared and unsure what to do, open the school bus emergency window, climb onto the window, and fall to the ground. Isaac walked several miles on his own before getting in and out of the vehicles of multiple strangers who he asked to help him get home. The next day, Isaac informed the bus driver – which is also shown in the bus video recording – that she left him on the bus that day. The bus driver disregarded what Isaac said and did not report the incident. Our Children's Academy never reported that Isaac was missing from school that day.

Less than a week later, the child fell asleep on the bus again. The same driver and assistant again failed to check the bus for children and had disabled the child protection system. They again drove the bus to the storage location and left Isaac once again to fend for himself thirty miles from home. This special needs child again had to walk and hitchhike his way home with complete strangers. This time, the child had a therapy appointment at school. When the therapist arrived and was informed that the child was not at school, the therapist took it upon herself to call the Isaac's mother and check on his well-being where the school has failed to do so and had failed to have any system, policy, or procedure in place to do so. It was at this point that Ms. Riha was first notified that her child was not safe at school as she had thought.

The amount of negligence and disregard for the safety of this child is overwhelming. The child has been emotionally damaged by these incidents of negligence, which deprived the child of his right to safe and secure bus transportation to school. Understand this letter is not intended to be a complete recitation of all facts involved, nor is it intended to limit my clients' amount of damages, rights to recovery, or remedies either in law or equity, but is intended to serve as the presuit notice required by Section 768.28, Florida Statutes. We hereby reserve the right to pursue any and all available remedies against the School Board of Polk County, Polk County School District, District 6, the Department of Education School Transportation Management Section, Our Children's Academy, the individual state employees involved, and anyone else later determined to share responsibility in the deplorable situation that occurred, including a civil action for deprivation of rights under 42 U.S. Code § 1983.

Pursuant to the requirements of 768.28(6), Isaac Collins was born in Indianapolis, Indiana (Marion County) on July 11, 2002. His social security number will be provided via telephone to protect him from identity theft and fraud. There is no prior adjudicated unpaid claim in excess of $200 owed by the claimant to the State.

Please contact me at 407- 512-4394 or at khosley@theorlandolawgroup.com to discuss this matter or if you have any questions. Thank you.

Sincerely,

Kimberly Hosley Agee

cc:

School Board of Polk County, Attn: Lynn Wilson, District 6 Chair, P.O. Box 391, Bartow, FL 33831