UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

I.C., a minor, by and through his parent
and natural guardian, SUZANNE RIHA,

    Plaintiff,

v.                                                  Case No.: 8:17-cv-787-T-33AAS

POLK COUNTY SCHOOL DISTRICT,
a Florida Governmental Entity; the SCHOOL
BOARD OF POLK COUNTY, a Florida
Governmental Entity; OUR CHILDREN'S
ACADEMY,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Stay of Discovery and for Protective Order (Doc. 51), Plaintiff's Amended Motion for Protective Order (Doc. 60), and Defendants' responses thereto (Docs. 52, 54, 62).

**I.    BACKGROUND**

Plaintiff, I.C., is a minor child who attended Defendant Our Children's Academy ("OCA"),[1] a Florida charter school for special needs children. Plaintiff is on the autism spectrum and has behavioral and emotional disabilities related to autism. On April 3, 2017, Plaintiff, through his mother, Suzanne Riha, brought suit against Defendants Polk County School District ("School District"), the School Board of Polk County ("School Board"), and OCA. (Doc. 1). Defendants moved to dismiss the Complaint (Docs. 22, 29), and Plaintiff filed a proposed order dismissing the

---

[1] On August 8, 2017, OCA filed a Notice of Corporate Name Change, stating that it had officially changed its name to Victory Ridge Academy, Inc. (Doc. 57). For purposes of this Order, the Court will continue to refer to this defendant as OCA, which is consistent with the briefing.

1

Complaint with leave to amend (Doc. 28), which the Court construed as a motion for leave to amend. The Court granted leave to amend, and Plaintiff filed an Amended Complaint on May 31, 2017. (Docs. 30, 37).

In response to Plaintiff's Amended Complaint, Defendants again filed motions to dismiss (Doc. 43, 47), which the Court granted and dismissed the action without prejudice (Doc. 50). Plaintiff filed a Second Amended Complaint on August 3, 2017, against the School Board and OCA. (Doc. 55). Defendants again filed Motions to Dismiss Plaintiff's Second Amended Complaint. (Docs. 56, 58).

On August 1, 2017, after the Court granted Defendants' Motions to Dismiss Plaintiff's Amended Complaint, but before Plaintiff filed his Second Amended Complaint, Plaintiff filed this Motion for Stay of Discovery and for Protective Order. (Doc. 51). On August 3, 2017, Defendants filed their response in opposition to that motion. (Doc. 52). On August 17, 2017, Plaintiff filed an Amended Motion for a Protective Order, clarifying the relief sought in the initial motion. (Doc. 60). That same day, Defendants filed a response to the Amended Motion for a Protective Order. (Doc. 62).

On August 23, 2017, Plaintiff filed a Notice of Settlement as to the claims against Defendant OCA. (Doc. 67). The Court has not been notified of any agreements (related to discovery or otherwise) between Plaintiff and Defendant School Board.

## II. ANALYSIS

Plaintiff seeks a protective order in response to Defendant OCA's Notice of Taking Deposition of I.C. (Doc. 60). In addition, Plaintiff seeks a general stay of discovery pending resolution of any motions to dismiss. (Doc. 51).

A.  **Plaintiff's Request for Stay of Discovery**

When ruling on motions to stay discovery, Courts in this District have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted).[2] A party shows good cause for a stay of discovery when disposition of a motion could entirely eliminate the need for such discovery. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

In support of the request for a stay pending resolution of Defendants' motions to dismiss, Plaintiff cites to *Chudasama v. Mazda Corporation*, 123 F.3d 1353, 1367 (11th Cir. 1997) for the general proposition that discovery should be stayed until a pending motion to dismiss is resolved. *Chudasama*, however, states: "[f]acial challenges based on the failure to state a claim for relief, should, however, be resolved before discovery begins." *Id.* at 1368. *Chudasama* does not dictate that all discovery should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307 *2 (M.D. Fla. Aug. 19, 2009). Instead, *Chudasama* "stand[s] for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Schreiber v. Kite King's Lake, LLC*, No. 8:09-cv-609-T-17EAJ, 2010 WL 3909717 *1 (M.D. Fla. Oct. 1, 2010); *Koock,* 2009 WL 2579307 at * 2; *In re Winn Dixie Stores, Inc.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887 * 1 (M.D. Fla. June 28, 2007).

---

[2] The Middle District Handbook on Civil Discovery Practice states: "Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. *Such motions for stay are rarely granted*. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Middle District Discovery (2015) at § I.E.4 (emphasis added).

Here, even after the settlement-in-principle between Plaintiff and OCA, Defendant School Board's motion to dismiss remains pending for adjudication. (Doc. 58). More specifically, there remains a dispute between Plaintiff and Defendant School Board as to whether Plaintiff has adequately pleaded both federal and state claims against the School Board. Not only is this dispute not an unusual circumstance justifying a stay of discovery, but Plaintiff has not made a specific showing of prejudice or undue burden if the discovery period continues in compliance with the Court's Case Management and Scheduling Order (Doc. 26). Thus, Plaintiff's request for a general stay of discovery is denied.

### B. Plaintiff's Request for Protective Order

As to Plaintiff's request for a protective order, this request was made in response to Defendant OCA's Notice of Taking Deposition of I.C. (Doc. 52, as amended by Doc. 60). Because Plaintiff today notified the Court that Plaintiff and OCA have reached a settlement in this case and Plaintiff expects that settlement to be finalized within the next three weeks, this discovery dispute between Plaintiff and OCA appears to be moot.

### III. CONCLUSION

Accordingly, and for the foregoing reasons, it is **ORDERED:**

(1) Plaintiff's Motion of Stay of Discovery (Doc. 51) is **DENIED**.

(2) Plaintiff's Amended Motion for Protective Order (Doc. 60) is **DENIED without prejudice.**

**DONE AND ORDERED** in Tampa, Florida on this 23rd day of August, 2017.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge