UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUZANNE RIHA, ex rel., I.C.,**

    **Plaintiff,**

v.                                                                       **Case No.: 8:17-cv-787-T-33AAS**

**POLK COUNTY SCHOOL DISTRICT,**
**et al.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Unopposed Motion to Reopen Case, Petition for Approval of Settlement of a Minor's Claim, and Request for Hearing (Doc. 72).

**I.**     **BACKGROUND**

On April 3, 2017, Plaintiff, I.C., through his mother, Suzanne Riha, brought suit against Defendants Polk County School District ("School District"), the School Board of Polk County ("School Board"), and Our Children's Academy ("OCA").[1] (Doc. 1). I.C. is a minor child who attended OCA, a Florida charter school for special needs children. (*Id.*). Plaintiff alleges that I.C. was left on a school bus that was parked approximately thirty miles from his school and home causing him injuries. (*Id.*).

Defendants moved to dismiss the Complaint (Docs. 22, 29), and Plaintiff filed a proposed order dismissing the Complaint with leave to amend (Doc. 28), which the Court construed as a

---

[1] On August 8, 2017, OCA filed a Notice of Corporate Name Change, stating that it had officially changed its name to Victory Ridge Academy, Inc. (Doc. 57). For purposes of this Report and Recommendation, the undersigned will continue to refer to this defendant as OCA, which is consistent with the briefing.

motion for leave to amend. The Court granted leave to amend, and Plaintiff filed an Amended Complaint on May 31, 2017. (Docs. 30, 37).

In response to Plaintiff's Amended Complaint, Defendants filed motions to dismiss (Doc. 43, 47), which the Court granted and dismissed the action without prejudice (Doc. 50). Plaintiff filed a Second Amended Complaint on August 3, 2017, against the School Board and OCA. (Doc. 55). Defendants again filed Motions to Dismiss Plaintiff's Second Amended Complaint. (Docs. 56, 58). On August 23, 2017, Plaintiff filed a Notice of Settlement as to the claims against OCA. (Doc. 67). Thereafter, the Court dismissed the action against OCA and declined to exercise supplemental jurisdiction as to the remaining state counts against the School Board. (Docs. 69, 71).

On October 19, 2017, Plaintiff filed the instant Unopposed Motion to Reopen Case, Petition for Approval of Settlement of a Minor's Claim, and Request for Hearing (Doc. 72). On October 20, 2017, the Honorable Virginia M. Hernandez Covington, United States District Judge, granted the motion to the extent that it requested the Court to direct the Clerk to reopen the case. (Doc. 73). Judge Covington also referred the request for approval of settlement of a minor's claim to the undersigned, for the issuance of a report and recommendation. (*Id.*).

On November 6, 2017, the undersigned held a telephonic hearing on the motion. (Doc. 80). At the hearing, the undersigned reviewed the proposed Settlement Agreement (Doc. S-78)[2] with the parties and outlined issues and deficiencies within the document. As directed at the hearing, the parties incorporated the edits and changes discussed at the hearing, and forwarded the amended agreement to the undersigned to be placed under seal. The amended agreement has been

---

[2] Due to the confidential nature of children's personal information, the undersigned granted the request to file the settlement agreement under seal. (Docs. 76, 77).

placed under seal (Doc. S-82) and this matter is now ripe for review.

## II. ANALYSIS

As an initial matter, the Court must determine whether the appointment of a guardian ad litem is necessary to protect I.C.'s interests. Then, the Court must assess whether the settlement agreement is in the best interests of I.C. The undersigned will address each issue in turn.

### A. Appointment of a Guardian Ad Litem

"[T]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958)) (internal quotation marks omitted)). Rule 17(c)(1)(A) provides that a general guardian may bring suit on a minor's behalf "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether a guardian ad litem should be appointed." *Burke*, 252 F.3d at 1264. When a minor is represented by a parent who is a party to the lawsuit and has the same interest as the child, there is generally no conflict of interest. *Id.; see Jackson v. Magical Cruise Co., Ltd.*, No. 6:14-CV-1997-ORL-18KRS, 2016 WL 2647689, at *1 (M.D. Fla. Apr. 22, 2016), report and recommendation adopted *Jackson v. Magical Cruise Co.*, No. 6:14-CV-1997-ORL-18KRS, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

Here, Ms. Riha brought this action on I.C.'s behalf, as his mother. No facts have been presented that would suggest that Ms. Riha's interests conflict with I.C.'s interests or that that she is incapable of adequately representing I.C.'s interests.[3] On the contrary, both sides represented

---

[3] The undersigned further notes that pursuant to Fla. Stat. § 744.3025, a guardian ad litem shall be appointed for approval of settlement agreements wherein the gross settlement amount exceeds $50,000. Fla. Stat. § 744.3025(1)(b), (d). Here, the gross settlement amount does not meet that threshold. (Doc. S-82).

3

during the hearing that the Ms. Riha's interests are completely aligned with her son's interests. Accordingly, the undersigned recommends that the Court need not appoint a guardian ad litem.

B. **Approval of the Settlement Agreement**

Florida law "requires court approval of any settlement after an action is commenced involving a ward." *Sullivan v. Dep't of Transp.*, 595 So. 2d 219, 220 (Fla. 2d Dist. Ct. App. 1992) (citing Fla Stat. § 744.387(3)(a)). Court approval requires a determination that the settlement "will be for the best interest of the ward." Fla. Stat. § 744.387(1); *Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th Dist. Ct. App. 2002). When determining if a settlement agreement should be approved, "[t]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). "[T]he purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d Dist. Ct. App. 2013).

Here, Plaintiff brought this action alleging various state and federal claims. Defendant OCA denied liability and moved to dismiss the action on multiple occasions, including a motion to dismiss that was pending at the time of settlement. (Doc. 56). Upon dismissal of this action against Defendant OCA, the Court declined to exercise supplemental jurisdiction over the concurrent state counts against the School Board. (Doc. 71). This agreement does not release or otherwise bar Plaintiff's state claims against the School Board. In addition, the settlement was negotiated by attorneys hired by Ms. Riha, who share I.C.'s interest in maximizing the settlement amount. *See Meyers v. United States*, No. 6:13-CV-1555-ORL, 2014 WL 5038585, at *4 (M.D. Fla. Sept. 29, 2014). Moreover, no facts have been presented evidencing any collusion by the

parties. Under these circumstances, the undersigned recommends that the Court find that the settlement is in I.C.'s best interests.

## III. CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Unopposed Petition for Approval of Settlement of a Minor's Claim (Doc. 72) be **GRANTED**;

2. The settlement agreement (Doc. S-82) be accepted, adopted, and approved by the Court, and the parties be ordered to comply with the terms of the settlement agreement;

3. The Clerk be directed to terminate all pending deadlines and to close the case.

**Date: November 29th, 2017**

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge